O



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BEARD, | ) | CASE NO. CV 08-06349 GW (RZ) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| DEAN CRENSHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The *pro se* and *in forma pauperis* Plaintiff in this civil rights action, Robert Beard, is a state inmate housed at Susanville, although this action is based on alleged events at Los Angeles County Jail. Plaintiff principally asserts that Dean Crenshaw, a state parole officer, placed false "parole holds" on Plaintiff in 2005 and later, upon Plaintiff's release, "denied me a $50.00 loan" and "refused to furnish me with transportation" in violation of California law. In the confusingly-drafted complaint, Plaintiff also targets the agency employing Crenshaw for permitting Crenshaw's alleged wrongdoing. Plaintiff also appears to blame that agency for various kinds of improper treatment at the county jail, although no jail personnel allegedly committing misconduct are named as defendants. Because of flaws in the complaint as discussed below, the Court will dismiss it. Because those flaws may be correctable, however, Plaintiff shall have leave to file an amended complaint, also as discussed below.

# I.

## COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* CASES

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (repudiating prior rule whereby a "complaint may be dismissed for failure to state a claim [only] where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (*quoting Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1141, 1155 (9th Cir. 1989) (emphasis in original). A *pro se* civil rights complaint must be construed liberally, *see Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), and generally the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the Complaint could not be cured by amendment." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980) (*per curiam*). A dismissal with leave to amend is a non-dispositive matter within the purview of a Magistrate Judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

/ / /

/ / /

/ / /

/ / /

## II.

## FED. R. CIV. P., RULES 8 & 10:  SEPARATE, PLAINLY-STATED COUNTS

### A.    Applicable Law

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'"  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943)).  To comply with the Rule, a plaintiff must plead a short and plain statement of the elements of his or her claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case," which elements, of course, will vary depending on the species of claim being asserted.  *See Bautista*, 216 F.3d at 840.

In addition, plaintiffs must state their various claims in separate counts, each identifying a discrete alleged violation of the Constitution or other law.  FED. R. CIV. P. 10(b) ("Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.").  As the *Bautista* court explained, separating the Complaint into discrete, readily-identifiable claims serves the purpose of clarity:

> Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

216 F.3d at 840-41 (*quoting Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996)).

Here, Plaintiff enumerates only two claims, but each "claim" contains multiple claims that must be pleaded separately.  He has chosen to plead "defendant by defendant," listing all wrongs allegedly committed by a given defendant under a *single* claim heading, and then moving on similarly to wad together all wrongs committed by the next defendant under his next claim-heading.  For example, under the heading of his first claim, he accuses Crenshaw of two entirely *discrete* wrongful acts, including (1) placing false "parole holds" on Plaintiff and (2) refusing to accord Plaintiff a loan and transportation upon his release, as allegedly is required by state law.  Similarly, Plaintiff's second claim appears to involve numerous separate wrongs.  He must plead them separately, "claim by claim," in any amended complaint.

Making matters worse, the complaint includes numerous conclusory and argumentative labelings.  For example, Plaintiff labels Crenshaw's numerous parole holds as "illegal" and asserts that Crenshaw's "entrapment" caused Plaintiff's return to prison, but Plaintiff never alleges underlying facts supporting such legal conclusions.  As Circuit Judge Alarcón admonished recently when, sitting by designation, he dismissed another state inmate's civil-rights action with leave to amend:

> Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends

he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. FED. R. CIV. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b). The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; *cf.* Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597, 118 S.Ct. 1584, 140

L.Ed.2d 759 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

*Clayburn v. Schirmer*, No. CIV S 06-2182 ALA P, 2008 WL 564958, slip op. at 3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation).

/ / /
/ / /
/ / /

**III.**

**IMMUNITY OF STATE DEFENDANTS SUED**

**IN OFFICIAL CAPACITY FOR DAMAGES**

As noted above, the Court must dismiss any *in forma pauperis* action that seeks damages from immune defendants. 28 U.S.C. § 1915(e)(2)(B)(3). One source of immunity is the Eleventh Amendment, which provides that the federal judiciary power "shall not be construed to extend to any suit in law or equity, commenced against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has held that the Amendment bars suits brought against a state by that state's own citizens. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Suits against state officials in their *official* capacity are tantamount to actions against the state itself, *see Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), and federal courts thus lack jurisdiction to entertain such suits. *Id*.

Here, Plaintiff seeks monetary damages from a state employee, Crenshaw, and from Crenshaw's employer, an arm of the state, not only in their individual capacity[1] – a claim which this Court *can* entertain – but also in their *official* capacity. The Court lacks jurisdiction over the latter aspect of the claims.

**IV.**

**NO VICARIOUS LIABILITY IN CIVIL RIGHTS ACTIONS**

Prisoner-plaintiffs alleging civil rights violations by prison guards or medical personnel often add their prisons' wardens or other superiors as defendants. But such supervisory officials are not liable vicariously for a constitutional deprivation committed by their subordinates, unless (1) the supervisor personally participated in the deprivation or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and

---

[1] How an agency can act in an individual capacity is unexplained in the complaint.

the constitutional violation.  *Jeffers v. Gomez*, 267 F.3d 895, 915-16 (9th Cir. 2001).  Plaintiff plainly runs afoul of this rule as to the second defendant, the California Department of Corrections and Rehabilitation, for he essentially blames that agency – without naming any actual participation *by* the agency – for the deprivations allegedly committed by Crenshaw and various jail deputies.  (Worse, under the heading of claim two, targeting only CDCR, Plaintiff asserts numerous wrongful acts and omissions by county jail officials.  Although Plaintiff asserts that he was under the *jurisdiction* of CDCR at the time due to the "parole hold," he clearly was in the *physical custody* of the county jail.  The CDCR simply is not a proper target for deprivations allegedly committed by Los Angeles County jail officials.)  Unless Plaintiff can satisfy *Jeffers* in an amended complaint, he must omit CDCR from the action.

## V.

## STATE LAW VIOLATIONS ALONE

## CANNOT SUPPORT A FEDERAL CIVIL RIGHTS CLAIM

In actions like this one invoking 42 U.S.C. § 1983, the plaintiff must allege facts showing that a defendant, acting under color of state law, deprived him of one or more rights secured by *federal* law.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988).  Among other things grouped into claim one, Plaintiff alleges that, upon Plaintiff's release from jail on March 16, 2005, Defendant Crenshaw "denied me a $50.00 loan in violation of [CAL. CODE. REGS. tit. 15, §] 3705[2] and he

---

[2]    Plaintiff presumably means section 3605; no section 3705 currently exists.  Section 3605 provides that a parole agent "may" provide small cash loans to a parolee, *if* "assistance is deemed necessary [by the agent] and not available from other sources" *and* the parolee signs a receipt for the loaned money.  Loans of over $50, or over $150 in a month, also require approval from the agent's supervisor.  *See* CAL. CODE. REGS. tit. 15, § 3605 .

refused to furnish me with transportation out to his office in violation of [CAL. PENAL CODE §] 2713.1"[3]  Later in the complaint, Plaintiff also asserts that Crenshaw's refusal of money and transportation violated CAL. PENAL CODE §§ 3000 and 3056.[4]  At least as to this sub-claim, Plaintiff fails to allege any *federal* law that Crenshaw violated.

## VI.

## CONCLUSION

Based on the foregoing, the Complaint hereby is DISMISSED, and leave to amend is granted.  More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order.  To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.  The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order.  If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be

---

[3]     Plaintiff's reference to section 2713.1 is mystifying.  With some exceptions, that statute provides that state inmates shall be paid $200 at the time of their release from custody.  It says nothing about transportation.

[4]     Plaintiff again cites statutes making no reference to loans to or transportation of persons being paroled.  CAL. PENAL CODE § 3000 is a broad, introductory statute about the parole system and declares, among many other things, that "[i]t is in the interest of public safety for the state" not only to supervise parolees rigorously but also to provide various forms of "counseling necessary to assist parolees" in their transition from prison.  It mentions neither loans nor transportation. Section 3056 is similarly irrelevant to the principle for which Plaintiff cites it, for it states, in its entirety, "Prisoners on parole shall remain under the legal custody of the department and shall be subject at any time to be taken back within the inclosure of the prison."

dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park*, *Inc*., 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3)  **Plaintiff may do nothing** in response to this Order.  If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

        **The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

        IT IS SO ORDERED.


        DATED:    October 14, 2008


                         _____

                             RALPH ZAREFSKY

                UNITED STATES MAGISTRATE JUDGE